IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDRE RAMON JACOB,

        Petitioner,

  v.

ROB PERSSON, Superintendent,
Oregon State Correctional
Institution,

        Respondent.

6:12-cv-01680-MA

OPINION AND ORDER

ANDRE RAMON JACOB
SID #6135746
Oregon State Correctional Institution
3405 Deer Park Drive S.E.
Salem, Oregon 97310-9385

    Petitioner, *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

MARSH, Judge

1 -- OPINION AND ORDER

Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. In two grounds for relief, petitioner challenges the constitutionality of a 30-year gun minimum sentence imposed pursuant to a 2002 state robbery conviction, on the basis that it is premised upon prior state convictions which are illegal or unconstitutional for a variety of reasons.

Respondent moves the court to deny habeas relief on the basis that the Supreme Court's holding in *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001), precludes petitioner from collaterally attacking his prior state convictions in this proceeding and, therefore, habeas relief is not warranted. For the reasons set forth below, petitioner's third amended habeas petition (#68) is DENIED, and this proceeding is DISMISSED, with prejudice.

## BACKGROUND

Petitioner has been convicted three times of felonies involving the use or threatened use of firearms. On December 2, 1982, petitioner was convicted after a jury trial of Robbery in the First Degree with a Firearm (two counts), Burglary in the First Degree, and Kidnapping in the Second Degree (two counts). Habeas Petition (#1), 12/2/82 Transcript (TR) at 161-62. At a subsequent sentencing hearing held on January 21, 1983, the Honorable John J. Murchison orally imposed a five-year gun minimum sentence. Habeas Petition (#1), 1/21/83 Transcript at 168 & 170-72. The written

2 -- OPINION AND ORDER

judgment signed by Judge Murchison on January 25, 1983, provides as follows: "[T]he court FINDS beyond a reasonable doubt that [petitioner] used a firearm during the commission of Count II." Resp. Exh. 101 at 33-34; Pet.'s Memo. in Support (#71), Exh. D-1.

During the time between the 1982 guilty verdict and the 1983 sentencing, the Oregon Supreme Court held that the subsections of ORS 161.610 (1981) (permitting the court, as opposed to a jury, to make the necessary factual finding for the imposition of a gun minimum), violated a defendant's right to a jury under the Oregon Constitution. *See State v. Wedge*, 293 Or. 598, 607-08, 652 P.2d 773 (1982). Despite this ruling, petitioner did not subsequently challenge the constitutionality of his sentence under *Wedge* (or otherwise) on direct appeal or in a state post-conviction proceeding. *State v. Jacob*, 344 Or. 181, 184 & 192, 180 P.3d 6 (2008).

In 1991, petitioner pled guilty to Robbery in the First Degree with a Firearm, and Attempted Assault in the First Degree. Resp. Exh. 101. The trial court imposed a 10-year gun minimum on the robbery conviction. *Id.*; *Jacob*, 344 Or. at 184 & 187 n.7. During the 1991 criminal proceeding, petitioner did not challenge the lawfulness of his 1982 conviction or sentence during trial, on direct appeal, or in a state post-conviction proceeding. *Jacob*, 344 Or. at 184.

3 -- OPINION AND ORDER

In 2002, petitioner was convicted of two counts of Robbery in the First Degree with a Firearm following a stipulated facts trial. Resp. Exh. 101. The prosecution requested that defendant receive a 30-year gun minimum sentence pursuant to ORS 161.610(4)(c) (2001).[1] Instead, the trial court imposed a 10-year gun minimum, opining that petitioner's 1983 gun-minimum sentence should not be taken into account because the factual finding necessary for the minimum sentence was made by the trial judge and not a jury. *Jacob*, 344 Or. at 184; Resp. Exh. 106 at 22.

On appeal, however, the Oregon Supreme Court reversed the trial court and remanded for resentencing, opining that state law precluded petitioner from collaterally attacking the legality of his 1983 sentence. *Jacob*, 344 Or. at 188-92. Additionally, the Oregon Supreme Court held that, even if petitioner could collaterally attack his 1983 sentence, the alleged invalidity of

---

[1] ORS 161.610(4)(c) (2001) provides that the "minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years * * *.

(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years * * *.

(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

4 -- OPINION AND ORDER

his 1983 sentence would be of no assistance to him because "the terms of ORS 161.610(4)(c) required the imposition of a 30-year gun minimum sentence because defendant was *convicted* of a gun crime after he had been *imprisoned* pursuant to ORS 161.610(4)(b)." *Jacob*, 344 Or. at 193 (*emphasis added*).

On remand, the trial court imposed the 30-year gun minimum sentence pursuant to ORS 161.610(4)(c). Resp. Exh. 101. Petitioner's appeal from resentencing was summarily dismissed, and the Oregon Supreme Court denied review. Resp. Exhs. 116, 119 & 125 & 128. Petitioner did not seek state post-conviction relief.

## DISCUSSION

In *Lackawanna Cnty. Dist. Attorney v. Coss*, the United States Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." 532 U.S. at 403. Hence, "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* at 403-04.

In so holding, the Supreme Court recognized an exception to the rule when there is a *complete failure to appoint counsel in violation of the Sixth Amendment*. *Id.* at 404. The Court

5 -- OPINION AND ORDER

recognized that other exceptions *may* exist when the defendant cannot be faulted for failing to obtain timely review of the prior conviction. *Id.* at 405. Examples suggested by the Court are (1) a state court, without justification, refuses to rule on a constitutional claim that was properly presented to it; or (2) after the expiration of the time to seek review, the defendant obtains compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. *Id.* at 405-06.

In *Durbin v. People of the State of Calif.*, 720 F.3d 1095, 1098-99 (9th Cir. 2013), the Ninth Circuit expressly adopted the two exceptions suggested by the Supreme Court in *Lackawanna Cnty*. The Ninth Circuit explained that, in those circumstances, the federal habeas proceeding is effectively the first and only forum for review of the prior conviction. *Durbin*, 720 F.3d at 1099 (quoting *Lackawanna Cnty.*, 532 U.S. at 406). As discussed below, petitioner's habeas claims and arguments do not satisfy any of the exceptions recognized by the Supreme Court and Ninth Circuit.

- **Exception One: Failure to Appoint Counsel**

Petitioner has failed to demonstrate that there was a complete failure to appoint counsel in his 1982 or 1991 criminal proceedings. Although petitioner suggests that a "ghost evidentiary hearing," was held on January 24, 1983, outside the presence of petitioner, defense counsel, and the prosecutor, there

6 -- OPINION AND ORDER

is nothing in the record to support the conclusion that such a hearing actually occurred. The state record demonstrates that defense counsel was present at the December, 1982 jury trial, and the subsequent sentencing hearing. See Resp. 101 at 33-34 (Mult. Cty. Case No. 82-10-37684 Judgment); Habeas Petition (#1), 12/2/82 TR at 162-64; 1/21/83 TR at 170-71.

I also reject petitioner's contention that the appointment of former Judge Ellen Rosenblum as a judge *pro tempore* in his 1991 criminal case, without the requisite *circuit court* oath of office, produced a "jurisdictional defect of such magnitude that it is greater than mere denial of counsel." At the time of trial, Ellen Rosenblum was a district court judge. Oregon Blue Book 1989-90 at 165. At that time, Oregon law required district judges to take the same oath of office as circuit court judges. *See Former* ORS 46.620 (1989). Former ORS 1.615(2) (1989), in turn, did not require a district judge appointed to serve as judge *pro tempore* of the circuit court to take an *additional* oath of office.

In sum, under then-existing Oregon law, former District Court Judge Rosenblum took the same oath of office as a circuit judge. Accordingly, her alleged failure to file an additional oath upon her appointment as judge *pro tempore* of the circuit court was of no import under state law. Further, petitioner has made no showing that Judge Rosenblum's failure to take a *circuit court* oath of office at the time she was appointed as judge *pro tempore* of the

7 -- OPINION AND ORDER

circuit court resulted in the violation of his rights under the *federal* constitution. *Cf. Harrington v. Hill*, 2005 WL 3244325, *2 (D.Or. Nov. 29, 2005) (oath of office taken by Oregon judges omitting phrase prescribed by state constitution does not violate U.S. Constitution); *Brazille v. Hill*, 02-1696-MA Order (#11) at 3 (explaining that the U.S. Constitution requires only that state judges be bound by an oath or affirmation to support the Constitution). Finally, even if it is assumed that Rosenblum's oath was absent or otherwise constitutionally deficient, I reject petitioner's assertion that such a defect is commensurate with, or of a "greater magnitude" than, the denial of counsel.

- **Exception Two: State Court Refuses to Rule on Properly Presented Constitutional Claim**

Petitioner has made no showing that an Oregon court, without justification, refused to rule on a constitutional claim properly before it. In this regard, petitioner's assertion that the state court decision in *State v. Jacob*, 208 Or. App. 62, 145 P.3d 212 (2006), *aff'd.*, 344 Or. 181 (2008) (reviewing the imposition of petitioner's 30-year gun minimum sentence), is "objectively unreasonable" and premised upon "fraudulent facts and misinformation," does not satisfy this exception because petitioner

is attacking the correctness of the state appellate decision, not the state courts' refusal to render a decision.[2]

- **Exception Three: Discovery of Compelling Evidence of Actual Innocence That Could Not Have Been Uncovered in a Timely Manner**

Petitioner has made no showing that there is compelling new evidence demonstrating that he is actually innocent of his 1982 or 1991 convictions, which could not have been uncovered earlier. In this regard, the court notes that on direct appeal from resentencing, petitioner argued that the affidavit of Inmate Earl Douglas Wilkins (attesting that petitioner did not have a gun during the 1982 robbery) proves that he is actually innocent of the *1983 gun minimum*. Resp. Exh. 118, Exh. A. This evidence, however, is neither new nor compelling. Petitioner previously conceded that this evidence could have been presented at trial. Resp. Exh. 116 at 40-41. Moreover, it is not compelling in light of the fact that it is offered 16 years after the offense by an inmate who is serving a life sentence without the possibility of parole. *See Wilkins v. Premo*, 6:11-cv-889-KI, Petition (#2) & Amended Petition (#30).

Petitioner offers no other basis to support a conclusion that he cannot be faulted for failing to obtain timely review of his

---

[2] It is worthy of note that it is not the province of a federal habeas court to reexamine the ruling of a state court on a state law issue. *Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010).

9 -- OPINION AND ORDER

prior 1982 and 1991 convictions and gun-minimum sentences. Accordingly, habeas relief is not warranted.

### CONCLUSION

Based on the foregoing, petitioner's third amended habeas petition (#68) is DENIED, and this proceeding is DISMISSED, with prejudice. Petitioner's request for an evidentiary hearing is DENIED. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 20 day of January, 2015.

                                              /s/ Malcolm F. Marsh
                                              Malcolm F. Marsh
                                              United States District Judge